MISSOURI PACIFIC RAILROAD COMPANY *v.* YELLDELL.

4-5673 133 S. W. 2d 642

Opinion delivered November 27, 1939.

*R. E. Wiley* and *E. W. Moorhead,* for appellant.

*J. T. Cheairs,* for appellee.

SMITH, J. This appeal is from a judgment awarding damages—not complained of as being excessive, if liability exists—to compensate an injury sustained by appellee as the result of a collision between an automobile which she was driving and an engine pulling one of appellant's passenger trains through the town of Portland on February 2, 1938.

The testimony tending to support the verdict was to the effect that appellee, then 16 years of age, was driving upon a street on which a school building is located in the town of Portland, and it became necessary for her to cross the railroad tracks, three in number. As she did so, one of appellant's trains approached this crossing, going north. Her vision to the south was obstructed by a cotton gin, some piles of ties, and a cottonseed house, which latter building extended along the railroad tracks for a distance of about 150 feet to a point only about 8 or 10 feet from the railroad tracks. The ties, gin and cottonseed house obstructed vision along the railroad crossing to the south for a distance of about 400 feet. This statement makes the fact obvious that this was a dangerous crossing, which imposed upon appellee and the operatives of the train alike the duty of using care to avoid a collision.

The usual conflict in the testimony appears as to whether signals were given by bell or whistle as the train approached the crossing. The testimony on the part of appellee was to the effect that the train was about to make the usual station stop, and was rolling noiselessly along without signal by bell or whistle of its approach to the crossing. As appellee approached the

crossing she stopped, looked and listened. She was unable to see the train because of the obstructions to her view above mentioned, and she did not hear the train. She, therefore, proceeded to drive across the tracks, and when she had driven to the point where her view was not obstructed, she saw the train approach. She turned the car sharply to the left to avoid a collision, but was unable to prevent the engine from striking her car and the injury thus inflicted. There was testimony to the effect that the car might have stopped at a point before crossing the tracks where the train might have been seen in time to have avoided the collision had the car been under perfect control. One witness testified: "It's just a certain angle there; if you don't stop right there and look, you can't see a train, and lots of times boxcars are on the south side of the crossing, and it makes a blind track and a very dangerous crossing."

The testimony presents the question whether either the appellee or the engineer, or both, were negligent, and whether, if both were negligent, the comparative degree of their negligence, which were questions for the jury and have been concluded by the verdict of the jury.

The testimony showed that the railroad was being operated by trustees in a receivership proceeding in the federal court, and for that reason an instruction, numbered 3, was objected to. This instruction reads as follows: "The law requires that a bell of at least 30 pounds weight or a steel whistle shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least 80 rods from the place where any railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, and any railroad corporation operating railway trains in this state shall be liable for all damages which shall be sustained by any person by reason of neglect to place such bell and whistle on each locomotive or engine and cause such to be rung or whistled at a distance of at least 80 rods of the place where said railroad shall cross any other road or street, and be kept ringing or whistling until such locomotive shall have crossed said road or street."

This instruction is predicated upon § 11135, Pope's Digest, which reads as follows: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county; and the corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

The insistence is that this statute applies only to a corporation owning and operating a railroad, and does not apply to an individual who, as trustee, is operating it. We do not agree. The degree of care required in the operation of a railroad is the same in either case. The purpose of the statute is to require the operatives of the train, whether the owner corporation or its trustee is acting for it, to give these signals at crossings. The necessity of crossing signals is as great in one case as in the other. The trustee acts for the corporation. He stands in its place, and must perform the statutory duties imposed upon the corporation whose property he is operating.

No error appears, and the judgment must be affirmed, and it is so ordered.